IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| _____ | X | |
| Guangdongsheng Shunhechuanmei, Co., Ltd. | : | |
| Plaintiff, | : | Civil Action No. 1:24-CV-05863 |
| | : | |
| -against- | : | Judge: Hon. Martha M. Pacold |
| | : | |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | : | |
| Defendants. | : | |
| _____ | X | |

**<u>INTERVENOR'S MOTION TO STAY THE PRESENT ACTION PENDING A PRIORITY CONTEST WITH A COMPETING PATENT FROM THE INTERVENOR</u>**

Intervenor, Wuhanqiuzhaokejiyouxiangongsi ("Intervenor"), hereby submits its Motion to Stay the present action until the ethical and invalidity issues that Plaintiff and Intervenor raised in previous cases are clarified. At a minimum, the Court shall stay the case until the effective priority date and the validity of the asserted patent can be determined because issues of patent invalidity due to prior art and inequitable conducts as well as the priority of the asserted patent shall each destroy the presumption of validity of the asserted patent. When the presumption of patent validity is in doubt, it would be premature to render any decision on the likelihood of success on the merits for the purpose of issuing Temporary Restraining Order. The Motion is likely to be opposed by the Plaintiff in the same way as in previous case regarding the same patent.

Intervenor is the owner of U.S. Patent No. D993,734 S ("the '734 Patent") with overlapping claims with the asserted patent in this case. Intervenor enforced the '734 Patent in Case No. 1:24-CV-00464 on January 18, 2024. On January 21, 2024, Plaintiff's attorney sent a letter to the undersigned stating, in relevant part, that "We learned that you have filed a lawsuit (the "Lawsuit"), Wuhanqiuzhaokejiyouxiangongsi v. The Partnerships, Individuals and Unincorporated Associations Identified on Schedule A, Case No. 24-CV-464, in the in the United States District Court for the Northern District of Illinois. The Lawsuit attempts to enforce the U.S. Patent No. D993734 (the "D993734 Patent") against numerous online stores… our firm apprised you of the D1006076 Patent and pointed out that the D993734 Patent's application filing date is April 12, 2023 while the D1006076 Patent's application filing date is December 6, 2022. We also pointed out to you that, while the D993734 Patent's application filing date is more than four months later, it is the same design as our client's D1006076 Patent." (*see Exhibit 1*).

Plaintiff also stated that "ABA Model Rule of Professional Conduct 3.1 clearly states that a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous. In instant case, you now have notice that the D993734 Patent is invalid and fraudulently obtained. Accordingly, you have a professional obligation to immediately terminate the case. Continuing to assert the invalid and fraudulently obtained D993734 Patent also clearly violates Rule 11. The test under Rule 11 is objective: litigation must be grounded in an objectively reasonable view of the facts and the law, and, if it is not, the lawyer or party proceeding recklessly must foot the bill. Colan v. Cutler-Hammer, Inc., 812 F.2d 357, 360 n. 2 (7th Cir.) Rule 11 requires an attorney to make a reasonable inquiry into the factual and legal basis for the claims asserted. Brown v. National Bd. of Medical Examiners, 800 F.2d 168, 171 (7th Cir.1986). Accordingly, under Rule 11, an

attorney risks sanctions for failing to make a reasonable inquiry into both the factual and legal basis for the claim he asserts." *Id*.

As of July 23, 2024, Plaintiff's statements about potential Rule 11 compliance issues apply equally to the enforcement of the '734 Patent and the '076 Patent. Before the enforcement action of either the '734 Patent and the '076 Patent, there shall be a priority contest between the two patents to determine which patent has the effective priority date and which one can be held to be valid free of inequitable conduct or fraud during their prosecutions.

Even though Intervenor believed that it had an earlier priority date on the conception of the claim of the '076 Patent, Intervenor requested a stay of its Case No. 1:24-CV-00464, pending a resolution of a priority contest between the '734 Patent and the'076 Patent. The Court dismissed the Intervenor's case without prejudice based on the facts that the entanglement (contest for priority and reexamination foe allegation of frauds) between the '734 Patent and the '076 Patent makes the issuance of both the '734 Patent and the '076 Patent premature because "A party may seek a TRO when the circumstances require some urgency, and it is clear to the Court that this case has been prematurely filed, including for the reasons described in the motion for a stay," i.e., the potential priority contest and allegations of frauds and inequitable conducts related to the '734 Patent and the '076 Patent. see Case No. 1:24-CV-00464 (Dkt. 13). Therefore, the present case, with any TRO applications based on the '734 Patent shall be dismissed based on the Doctrine of Issue Preclusion, until after a priority and a validity determination between the '734 Patent and the '076 Patent.

By filing the presence case to enforced the '076 Patent, Plaintiff acted against its own allegations of Rule 11 violations and inequitable conduct. Plaintiff's motion under seal for an ex parte Temporary Restraining Order ("TRO") under the '076 Patent were likely against many of

the same sellers of certain cutting tools as those in the Intervenor's previous dismissed Case No. 1:24-CV-00464.

Based on the Plaintiff's own citations of legal authorities and the law of the case, the present case shall be dismissed/stayed. The decision in Case No. 1:24-CV-00464 (Dkt. 13) was based on both the '734 Patent and the '076 Patent and applies to both patents.

For the reasons stated above, Plaintiff's complaint and its motion for TRO in this Court must be stayed until after a determination of the validity and the priority of the '076 Patent as well as ethical issues raised by the Plaintiff in directly related cases.

Dated: July 24, 2024                                     Respectfully submitted,

                                                                                                     /s/Lance Liu
Lance Y. Liu, Esq.
Bar No. 3002946
Lanceliu2000@gmail.com
15 Minuteman Circle
Southbury, CT 06488
Attorney for Intervenor,
Wuhanqiuzhaokejiyouxiangongsi

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 24, 2024, a copy of the foregoing document was filed electronically through the Court's CM/ECF NextGen system with notice of filing automatically sent electronically to counsel of record.

Dated: July 24, 2024                                          Respectfully submitted,

                                                                                             /s/Lance Liu
                                                                                          Lance Y. Liu, Esq.
                                                                                          Bar No. 3002946
                                                                                          Lanceliu2000@gmail.com
                                                                                          15 Minuteman Circle
                                                                                          Southbury, CT 06488
                                                                                          Attorney for Intervenor,
                                                                                          Wuhanqiuzhaokejiyouxiangongsi